**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| BROWN RUDNICK, LLP<br>601 Thirteenth Street, N.W.<br>Suite 600<br>Washington, DC 20005, | )<br>)<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action |
| U.S. DEPARTMENT OF THE ARMY<br>1400 Defense Pentagon<br>Washington DC 20301-1400 | )<br>)<br>)<br>) | Case: 1:11-cv-01703<br>Assigned To : Huvelle, Ellen S. |
| and | )<br>) | Assign. Date : 9/20/2011<br>Description FOIA/Privacy Act |
| JOHN MCHUGH,<br>in his official capacity as Secretary of the Army,<br>1400 Defense Pentagon<br>Washington DC 20301-1400 | )<br>)<br>)<br>)<br>) | |
| Defendants. | )<br>) | |

---

**COMPLAINT FOR INJUNCTIVE RELIEF**

1.      This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C.

§ 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, for injunctive

and other appropriate relief, and seeking the release of agency records requested by plaintiff

from defendant U.S. Department of the Army ("Army").

2.      Specifically, plaintiff Brown Rudnick LLP ("Brown Rudnick") submitted two

requests under FOIA to Army on February 17, 2010 and July 27, 2011, respectively.  Army has

acknowledged Brown Rudnick's two FOIA requests but has failed to make the requested records

available to Brown Rudnick as required by 5 U.S.C. § 552(a)(3)(A).  Also, Army has failed to

"determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the

receipt of any such request whether to comply with such request" and to "immediately notify

-1-

[Brown Rudnick] of such determination and the reasons therefor" as required by 5 U.S.C.
§ 552(a)(6)(A)(i).

3.      Instead of complying with its obligations under FOIA, Army has acted in an
arbitrary and capricious manner, has abused its discretion, and otherwise has acted not in
accordance with law with respect to Brown Rudnick's FOIA requests, as set forth in detail
below.

**Jurisdiction and Venue**

4.      This Court has both subject matter jurisdiction over this action and personal
jurisdiction over the defendants pursuant to 5 U.S.C. §§ 552(a)(4)(B).  This court also has
jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. §§ 701-706.

5.      Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

**Parties**

6.      Plaintiff Brown Rudnick is a law firm having offices in Washington, D.C. and
other cities.  Brown Rudnick submitted the two FOIA requests described in this complaint to
Army.

7.      Defendant Army is an "agency" within the meaning of 5 U.S.C. § 552 and
5 U.S.C. §§ 701-706.  The two FOIA requests described in this complaint sought records in the
possession of Walter Reed Army Medical Center ("Walter Reed") and North Atlantic Regional
Contract Office, respectively, both components of Army, and both located at 6900 Georgia
Avenue, N.W., Washington, D.C. 20307-5001.

8.      Defendant John McHugh is Secretary of the Army.  Pursuant to 10 U.S.C. § 3013,
the Secretary of the Army is responsible for, and has the authority necessary to conduct, all
affairs of the Department of the Army, including administering the department.

**FOIA Request No. 10-56**

9.      By letter dated February 17, 2010, Brown Rudnick submitted a request under

FOIA to Walter Reed.  That request sought a copy of Army Contract No. W81K04-09-C-0006,

relating to Family Health Centers; copies of all modifications and amendments to that contract;

and copies of all leases and/or letters of intent submitted by Spectrum Healthcare Resources

relating to that contract.

10.     Brown Rudnick's February 17, 2010 request reasonably described the records

being requested, was made in accordance with published rules stating the time, place, fees (if

any), and procedures to be followed by a requestor, and complied in all other respects with

FOIA.

11.     By letter dated 09 March 2010, Walter Reed informed Brown Rudnick that its

FOIA request had been transferred to North Atlantic Regional Contract Office, ATTN: Sheryl

Butler.  That letter identified the control number for Brown Rudnick's FOIA request as "10-56."

12.     On March 10, 2010, Brown Rudnick emailed Ms. Butler stating: "We understand

that the referenced FOIA request has been transferred to your office.  This email is to check on

the status of the reply to our request."

13.     By email dated July 21, 2011, Brown Rudnick requested that Army expedite its

reply to FOIA Request No. 10-56 because the request had been pending for so long.

14.     As of the filing of this Complaint, nineteen months after Brown Rudnick

submitted FOIA Request No. 10-56, Army has failed to make the requested records available to

Brown Rudnick as required by 5 U.S.C. § 552(a)(3)(A).  In addition, Army has failed to make a

determination within 20 days of the request whether to comply with FOIA Request No. 10-56

and has failed to immediately notify Brown Rudnick of such determination and the reasons

therefor, all of which are required by 5 U.S.C. § 552(a)(6)(A)(i).

15.     Brown Rudnick has exhausted its administrative remedies with respect to FOIA

Request No. 10-56 within the meaning of 5 U.S.C. 552(a)(6)(C)(i), which states, in part: "Any

person making a request to any agency for records . . . shall be deemed to have exhausted his

administrative remedies with respect to such request if the agency fails to comply with the

applicable time limit provisions of this paragraph."

### FOIA Request No. 11-NA08

16.     By letter dated July 27, 2011, Brown Rudnick submitted a request under FOIA to

the North Atlantic Regional Contract Office, a component of Army.  That request sought a copy

of Army Contract No. W81K04-09-C-0006; copies of all modifications and amendments to that

contract; and four other categories of documents relating to that contract.  In addition, the July

27, 2011 FOIA request sought a copy of Army Contract No. W81K04-09-R-0002; copies of all

modifications and amendments to that second contract; and certain other records relating to that

second contract.

17.     By email to the above-mentioned Sheryl Butler dated August 3, 2011, Brown

Rudnick informed Army that the contract number (W81K04-09-R-0002) identified in Brown

Rudnick's July 27, 2011 FOIA request was erroneous and that the correct number of the contract

being requested is W81K04-11-C-0012.

18.     Brown Rudnick's July 27, 2011 request, as corrected by the August 3, 2011

email, reasonably described the records being requested, was made in accordance with published

rules stating the time, place, fees (if any), and procedures to be followed by a requestor, and

complied in all other respects with FOIA.

19.     By email dated August 4, 2011, North Atlantic Regional Contracting Office

acknowledged Brown Rudnick's FOIA request and stated: "I've also forward [sic] your request

to the incumbent with an [sic] suspense date of 13 Aug 2011.  If I do not receive an [sic]

response by that date, it will constitute and approval to release all items requested." Upon
information and belief, the "incumbent" was a reference to the contractor, Spectrum Healthcare
Resources, which is a party to the contracts being sought.

20.     By letter dated August 7, 2011, North Atlantic Regional Contract Office
acknowledged Brown Rudnick's FOIA request, stated it had been assigned the control number
"11-NA08," and identified Sheryl Butler as the point of contact.  That letter acknowledged that
Brown Rudnick was seeking records relating to Contracts W81K04-09-C-0006 and W81K04-11-
C-0012, *i.e.*, it effectively acknowledged Brown Rudnick's August 3, 2011 correction to its
FOIA request.

21.     Subsequently, Brown Rudnick attempted to obtain information by telephone
regarding the status of its FOIA request.  Then, by email dated August 18, 2011, Brown Rudnick
emailed Ms. Butler: "This email is in follow up to my voicemails.  Per the email below, we
understood that we potentially would receive documents relevant to our FOIA requests this
week.  Can you provide us with any information regarding the status of our requests (FOIA Nos.
10-56 and 11-NA08)?"

22.     The following day, Ms. Butler replied by email: "I was out of the office when you
called.  The incumbent requested an extension due to the extend [sic] of information requested.
Extension of 23 Aug was granted.  I received an e-mail yesterday from the incumbent with one
area of concern.  They are requesting a meeting for review."

23.     Subsequently, Brown Rudnick again attempted to obtain information by telephone
regarding the status of its FOIA request.  Then, by email dated September 13, 2011, Brown
Rudnick emailed Ms. Butler: "This email is in follow up to my voicemails.  Can you provide us
with any information regarding the status of our requests (FOIA Nos. 10-56 and 11-NA08)?"

24.     By email dated September 16, 2011, Brown Rudnick again emailed Ms. Butler: "I left you a voice message regarding these FOIA requests.  The responses and release of the requested records is long overdue.  Please produce the records to us today or Monday.  If we do not receive the records, we intend to initiate legal action against the Army to get the records.  We look forward to hearing from you."

25.     On September 19, 2011, Army (Ms. Butler) responded by email, "I started working on the response, but had to stop to move.  We have officially moved to Rosslyn and I just go[t] my computer connected.  I will continue to formulate the response and forward to my legal dept[.]"  Army did not say when it would respond to the FOIA requests or what the responses would be.

26.     On September 20, 2011, Brown Rudnick attempted to call Ms. Butler to obtain more definitive information, was unable to speak with Ms. Butler, and left a message.

27.     As of the filing of this Complaint, Army has failed to make the records requested by FOIA Request No. 11-NA08 available to Brown Rudnick as required by 5 U.S.C. § 552(a)(3)(A).  In addition, Army has failed to make a determination within 20 days of the request whether to comply with FOIA Request No. 11-NA08 and has failed to immediately notify Brown Rudnick of such determination and the reasons therefor, all of which are required by 5 U.S.C. § 552(a)(6)(A)(i).

28.     Brown Rudnick has exhausted its administrative remedies with respect to FOIA Request No. 11-NA08 within the meaning of 5 U.S.C. 552(a)(6)(C)(i), which states, in part: "Any person making a request to any agency for records . . . shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph."  In this regard, it should be noted that parts of

FOIA Request No. 11-NA08 overlap FOIA Request No. 10-56, which has been pending with the same office for approximately 19 months.

## First Cause of Action
### (Violation of the Freedom of Information Act)

29.     Plaintiff repeats and realleges paragraphs 1-28.

30.     Defendants' failure to timely respond to plaintiff's FOIA requests violates 5 U.S.C. § 552 and defendant Army's own regulations promulgated thereunder, 32 C.F.R. Part 518.

## Second Cause of Action
### (Violation of the Administrative Procedure Act)

31.     Plaintiff repeats and realleges paragraphs 1-30.

32.     Defendants' failure to comply with its obligations under FOIA, including their failure to make the requested records available and their failure to comply with the time limits in FOIA was arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law within the meaning of 5 U.S.C. § 706.

## Requested Relief

WHEREFORE, plaintiff Brown Rudnick prays that this Court:

A.      Enjoin the Army from withholding the requested records and order the Army to immediately make available the requested records in their entireties;

B.      Provide for expedited proceedings in this action;

C.      Pursuant to 5 U.S.C. § 552(a)(4)(E), award plaintiff its reasonable attorney fees and other litigation costs reasonably incurred in this case; and

D.      Grant such other relief as the Court may deem just and proper.

Respectfully submitted,
BROWN RUDNICK, LLP

September 20, 2011

By: _____
Shlomo D. Katz (D.C. Bar # 436030)
BROWN RUDNICK LLP
601 Thirteenth Street, N.W.
Suite 600
Washington, D.C. 20005
Telephone: (202) 536-1753
Facsimile: (617) 289-0775
Email: Skatz@brownrudnick.com

*Counsel for the Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of September, 2011, I caused a copy of the forgoing

Complaint to be served by certified mail on the following:

Civil Process Clerk
Office of the United States Attorney
       for the District of Columbia
555 4th Street, NW
Washington, D.C. 20530

Hon. Eric H. Holder, Jr.
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

U.S. Department of the Army
c/o Chief, Litigation Division
9275 Gunston Road
Fort Belvoir, VA 22060-5546

Hon. John McHugh
Secretary of the Army
c/o Chief, Litigation Division
9275 Gunston Road
Fort Belvoir, VA 22060-5546

Shlomo D. Katz